UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARIEL M. LEWKOWICZ,

      Plaintiff,

v.                                                          Case No: 8:16-cv-242-CEH-TGW

F&J'S CAFFE ITALIA, LLC,

      Defendant.

_____/

## ORDER

      This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas G. Wilson. (Doc. 16). In the Report and Recommendation, Magistrate Judge Wilson recommends that the Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. 15) be denied without prejudice. Plaintiff Ariel M. Lewkowicz and Defendant F&J's Caffe Italia, LLC's managing member and registered agent, Gianfranco LoRe ("Mr. LoRe"), each filed an Objection to the Report and Recommendation (Docs. 17 and 18, respectively). This matter is now ripe for review.

## I.    BACKGROUND

      Plaintiff filed a Complaint bringing claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), alleging that she was not paid the minimum wage for all the hours she worked, and also that she worked in excess of forty hours per work week but was not paid overtime wages for those hours. *See* Doc. 1. Mr. LoRe filed a document, stylized and docketed as an Answer, denying the allegations. *See* Doc. 9.

      The parties subsequently reached a negotiated settlement in which Defendant agreed to pay $2,200 to Plaintiff and $1,800 to Plaintiff's counsel in exchange for the dismissal of this case. *See*

Doc. 15-1. The parties—with Defendant still purporting to be represented by Mr. LoRe—then filed a joint motion requesting that the Court approve the terms of the settlement and dismiss the case with prejudice. *See* Doc. 15.

Upon a review of the parties' submissions, the Magistrate Judge recommended that the Court deny the Motion without prejudice. Plaintiff and Mr. LoRe now each challenge that recommendation.

## II.      STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## III.     DISCUSSION

In recommending that the Court deny the parties' joint motion to approve the FLSA settlement, the Magistrate Judge found that the Motion was deficient in at least two aspects. *First*, the Magistrate Judge noted that Mr. LoRe purported to represent Defendant, but that Defendant, as a corporation, may appear and be heard only through counsel admitted to practice in this Court.

*Second*, the Magistrate Judge found that the Motion lacked sufficient information from which the Court could determine the reasonableness of the proposed settlement.

In response, Plaintiff asserts that the Report and Recommendation erroneously assumes that Defendant's representative cannot enter into a settlement agreement on behalf of the corporation without counsel. Plaintiff adds that Defendant's failure to obtain representation did not have any bearing on the fairness or the reasonableness of the settlement; that the amount Plaintiff would receive and the amount Plaintiff's counsel would receive were negotiated separately; and that Plaintiff approved the settlement amount and agreed that it was fair. Separately, Mr. LoRe provides additional information concerning the details of the settlement— namely, that "annotated time clock reports and payroll reports [] show 580.169 unpaid hours for [] total wages of $2,848.63." Doc. 18 at 2. Mr. LoRe adds that the initial settlement offer was for $3,000; that the offer was later increased to $4,000; and that Defendant played no role in determining the split between Plaintiff and her attorney. Finally, Mr. LoRe states that, due to Defendant's financial situation, hiring an attorney would cause it severe hardship.

After careful consideration, the Court finds Plaintiff's and Mr. LoRe's arguments to be unpersuasive, and agrees in all aspects with the Magistrate Judge's recommendation. While Plaintiff is correct that Mr. LoRe is able to enter into a settlement agreement on Defendant's behalf without the need for counsel, the Report and Recommendation never assumed the contrary. Rather, the Report and Recommendation notes, correctly, that a corporation may not be *heard* except through "counsel admitted to practice in the Court," M.D. Fla. L.R. 2.03(e). Although the Court recognizes that Defendant may wish to save money by attempting to be heard through Mr. LoRe, the parties do not dispute that Defendant is subject to the requirements of Local Rule 2.03(e) or that Mr. LoRe is not an attorney admitted to practice in the Court. Thus, Mr. LoRe cannot represent

Defendant, and the Court cannot properly consider any of the statements he purports to make on Defendant's behalf.

Moreover, even were the Court to consider the merits of the purported "joint" motion to approve the FLSA settlement, the Court would be unable to approve the proposed settlement on the grounds set forth in the submissions before it. The FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. 209) (citation omitted). Accordingly, claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when a district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). To evaluate the fairness of a proposed settlement agreement, a court considers factors such as the existence of fraud or collusion; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the probability of the plaintiff's success on the merits; the range of possible recovery; and the opinions of counsel. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Here, the proposed settlement constitutes a clear compromise of Plaintiff's FLSA rights. Indeed, assuming *arguendo* that Mr. LoRe's proffered figure for unpaid wages is accurate, Plaintiff would be entitled to $2,848.63 in unpaid wages plus liquidated damages in an equal amount, if she were able to establish liability. *See* 29 U.S.C. § 216(b). By contrast, the proposed settlement provides to Plaintiff only $2,200—less than half such damages.

In light of this compromise, the Court must carefully scrutinize the settlement agreement for fairness. The Motion, however, fails to address the majority of the factors that would allow the

Court to carry out its duty. As far as the Court can tell, the only reasons offered are that "the settlements were not the produce [sic] of fraud or collusion and the records before the Court contain no evidence or suggestion of same"; "Counsel for Plaintiff and Defendant's representative affirm that they believe the settlement agreement reflects a fair and reasonable resolution for the Plaintiff's FLSA claim"; and "the amount to be paid to the Plaintiff was negotiated separately from the amount to be paid as fees and costs." Doc. 15 at 2. These conclusory assertions are plainly insufficient for the Court to ascertain whether the compromise is fair.[1]

The Court reminds the parties that "*Lynn's Food* requires more than a 'rubber stamp' of an FLSA compromise; the district court must assure the 'fairness' of the proposed compromise." *Moreno v. Regions Bank,* 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Therefore, although settlement is a preferred method of resolving disputes, the parties must set forth grounds adequate for the Court to engage in a meaningful review of the proposed settlement agreement.

For the reasons stated above, it is hereby **ORDERED**:

1. Plaintiff's Objection (Doc. 17) is **OVERRULED**; and

2. Mr. LoRe's Objection (Doc. 18) is **OVERRULED**.

3. The Report and Recommendation of the Magistrate Judge (Doc. 16) is adopted, confirmed, and approved in all respects, and is made a part of this Order for all purposes, including appellate review.

4. The Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. 15) is **DENIED, without prejudice.**

---

[1] The Court emphasizes that it shares the Magistrate Judge's suspicion that Plaintiff's recovery and the attorneys' fees were not negotiated separately. Indeed, by Mr. LoRe's own admissions, it appears that Plaintiff's recovery and the attorneys' fees were negotiated together. *See* Doc. 18 at 2 ("Defendant agreed to increase the settlement to $4000 to include wages and attorney fees with the split still to be determined between the Plaintiff and her attorney.").

5. Should the parties again seek this Court's approval of a proposed settlement agreement, any such motion shall set forth grounds adequate for the Court to engage in a meaningful review of the proposed settlement agreement. Moreover, should Defendant wish to be heard, Defendant must be heard only through counsel admitted to practice in this Court.

**DONE AND ORDERED** in Tampa, Florida on June 23, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any
United States Magistrate Judge Thomas G. Wilson